NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

August 17, 2012

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*[*]

No. 10-3450

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| *v.* | No. 09 CR 40095 |
| JEFFREY J. HYDE, | Michael M. Mihm, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

A jury convicted appellant Jeffrey J. Hyde of possessing with the intent to distribute five grams or more of crack cocaine, *see* 21 U.S.C. § 841(a)(1), and he was sentenced to a prison term of 120 months, the statutory minimum term required at the time Hyde committed the offense, *see* § 841(b)(1)(B)(iii) (2009).  The district court rejected Hyde's contention that he should be sentenced pursuant to the Fair Sentencing Act of 2010, 124 Stat. 2372 ("FSA"), which reduced the penalties for offenses involving crack cocaine and which took effect prior to his sentencing.

---

[*] Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of this case on remand from the Supreme Court.  The case is now being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

Hyde appealed his sentence, but in our order of June 13, 2011, we summarily affirmed the sentence in light of our decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), which held that the FSA applied only prospectively to conduct occurring after the statute's enactment.

In *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court disagreed with our holding in *Fisher* and "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Subsequently, the Supreme Court granted Hyde's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for reconsideration in light of its decision in *Dorsey*. *Hyde v. United States*, 2012 WL 2470066 (U.S. June 29, 2012).

The parties have filed a joint Circuit Rule 54 statement reflecting their agreement that, in view of *Dorsey*, the district court committed procedural error at Hyde's sentencing and that the error was not harmless. We agree, and we therefore **VACATE** Hyde's sentence and **REMAND** for resentencing.